(25 Misc. Rep. 430.)

NEIER v. LOOSCHEN et al.

(City Court of New York, General Term. December 7, 1898.)

1. APPEAL—REVIEW.
    A verdict on conflicting evidence will not be disturbed.

2. SAME.
    Questions raised as to the correctness of rulings on issues on which the appellant prevailed will not be reviewed.

Appeal from special term.

Action by Charles E. Neier against Jared J. Looschen, impleaded with another. From a judgment for plaintiff, Looschen appeals. Affirmed.

Argued before SCHUCHMAN, OLCOTT, and McCARTHY, JJ.

Campbell & Hance and James M. Kerr, for appellant.

Henry J. Wehle, for respondent.

PER CURIAM. This action was begun by the plaintiff, as the assignee of the claims of three workmen, to recover the value of services rendered by them to the defendant Napoleon J. Haines, doing business as Haines & Co., between January 16, 1897, and January 30, 1897, and the value of services rendered by them to appellant, Jared J. Looschen, and defendant Haines, as partners, doing business as Haines & Co., between January 16, 1897, and January 30, 1897, and the value of services rendered by them to appellant, Jared J. Looschen, and defendant Haines, as partners, doing business as Haines & Co., between February 1, 1897, and February 15, 1897. The defendant Napoleon J. Haines was engaged in the piano manufacturing business at 132d street and Park avenue, New York City, from April, 1895, to January 30, 1897, under the name of Haines & Co. The defendant Haines was not served, and this contest had reference only to the liability of the appellant for the value of these services. The complaint contains six separate causes of action, which may be divided into two classes: (1) To cover the value of services rendered to defendant Haines, doing

business as Haines & Co., which it is alleged the appellant, as a partner of the firm subsequently formed, agreed to pay; (2) to cover the value of services rendered to appellant as partner of defendant Haines, in February, 1897.

Evidence was adduced upon the trial to establish the fact that appellant had estopped himself, by representations made to plaintiff's assignors, from denying that he was a partner; and also that he had assumed the payment of the indebtedness of Napoleon J. Haines. The plaintiff called three witnesses, who all testified substantially to the same facts, namely, that on or about January 30, 1897, the workmen declined to do any more work unless they were paid. Thereupon the appellant addressed the workmen; told them that he had come into the business with Mr. Haines; that Haines would attend to the outside work, and appellant would attend to the inside work; that they would not stop work; that he was personally responsible; and that they would be paid every dollar that was owing to them. The workmen also testified that they continued working in reliance upon these representations of appellant. The appellant was the only witness offered on his behalf. He contradicted the plaintiff's witnesses in all the essential features of their testimony; whereupon the evidence was fairly submitted to the jury, and they found against the appellant for the services rendered after his alleged address to the workmen, on January 30, 1897; but they found in his favor as to the indebtedness of the defendant Haines to the workmen, prior to that date.

Counsel for the appellant raises several questions as to the correctness of the rulings of the trial justice. So far as these relate to the plaintiff's claim for work done before January 30th, they are interesting, but unimportant, because the defendant prevailed as to that claim.

We find no error which contributed to the verdict, and our conclusion is that the judgment and order appealed from should be affirmed, with costs.